Samuel H. **SALISBURY**, as Executor under Will of Ora S. Hitchcock, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

Civ. No. 11359.

United States District Court
W. D. New York.

Feb. 16, 1966.

---

3. 227 F.Supp. 441.

Moser, Johnson & Reif, Rochester, N. Y., for plaintiff.

John T. Curtin, U. S. Atty., for defendant; Richard M. Roberts, Acting Asst. Atty. Gen., David A. Wilson, Jr., Burton G. Lipsky, Attys., Dept. of Justice, of counsel.

BURKE, Chief Judge.

This is an action for refund of federal estate taxes and assessed interest in the amount of $19,800 plus statutory interest. The decedent died December 5, 1961. Her Will was admitted to probate on February 7, 1962. Article Third of her Will provides as follows:

"THIRD: All the rest, residue and remainder of the property which I may own at the time of my death, both real and personal, of every kind and nature and wherever situated, including any lapsed legacies, I give, devise and bequeath to Samuel H. Salisbury and Genesee Valley Union Trust Company of Rochester, New York, as Trustees, IN TRUST, NEVERTHELESS, to hold, manage, invest and reinvest, collect the income and profit therefrom and distribute the same for the following uses and purposes:

(a) To distribute to my cousin, Samuel H. Salisbury, or expend on his behalf, the net income derived therefrom in quarterly or other convenient installments so long as he shall live.

(b) My disinterested Trustee is authorized in its sole and absolute discretion at any time and from time to time to distribute to my said cousin, Samuel H. Salisbury, or on his behalf, from the principal of his trust such amount or amounts as it may deem advisable to provide adequately for his maintenance, support and medical expenses.

If, in the opinion of my disinterested Trustee, my said cousin, Samuel H. Salisbury, is incapacitated through illness, age or other cause, my disinterested Trustee may in its sole and absolute discretion, from time to time, while it believes such incapacity continues, apply all or part of the principal of this trust toward the support, care, and benefit of my said cousin, in such amount or amounts and in such manner as it may determine.

(c) Upon the death of my said cousin, (or upon my death if he shall not survive me), my surviving Trustee shall distribute the entire then remaining balance to the Commission on Ecumenical Mission and Relations of the Presbyterian Church located in New York, New York, for use in its foreign mission work."

The decedent's cousin, Samuel H. Salisbury, is acting as executor of her estate. The federal estate tax return was filed January 22, 1963 showing no tax due. On schedule N of the return, a charitable deduction was claimed for $106,425.45, representing the bequest in Article Third of the will. The claimed deduction was disallowed and a deficiency in the sum of $17,833.23, with interest of $1,967.52, was assessed on January 7, 1965. The assessment was paid January 14, 1965. A claim for refund of $19,800.72 was disallowed.

By notice of motion filed August 25, 1965, the plaintiff moved for summary judgment. By notice of motion filed September 21, 1965, the defendant filed a cross-motion for summary judgment.

■ The question is squarely presented whether a bequest in trust in which the trustee is authorized in its absolute discretion to expend corpus of the estate "for the support, care, and benefit of the life tenant while incapacitated is capable of present ascertainment so that the life interest may be severed from the remainder interest.

■ There must be a highly reliable appraisal of the amount the charity will receive before a deduction is allowable. Approximations or relatively accurate estimates are insufficient. Merchants Nat. Bank of Boston v. Commissioner of Internal Revenue, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35; Henslee v. Union Planters Nat. Bank, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259. "Proof of extrinsic circumstances cannot supply the necessary element of ascertainability if the wording of the will itself does not furnish the basis for an objective standard." Seubert v. Shaughnessy, 233 F.2d 134, 137 (2 Cir.).

■ In the present case the wording of the will itself does not furnish adequate basis for an objective standard governing the power of invasion, without resort to extrinsic evidence. There is no standard governing the possibility or extent of permissible invasion of the corpus of the trust. The word "benefit" is much broader in scope than support and care. Newton Trust Co. v. Commissioner of Internal Revenue, 160 F.2d 175 (1 Cir.) Zentmayer's Estate v. Commissioner of Internal Revenue, 336 F.2d 488 (3 Cir.).

Plaintiff's motion for summary judgment is denied. Defendant's cross-motion for summary judgment is granted.